IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.   No. CR 12-0539 RB

SAMMY MONTGOMERY LOVE,
also known as Sammy Love Montgomery,
also known as Westley Wilberforce Wright,
also known as Westley Wright,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's (Mr. Love/Wright's) Motion to Dismiss With Prejudice for Violation of the Speedy Trial Act, (Doc. 14). Briefing is complete. Having considered the submissions of counsel, the record, and relevant law, the Court denies this Motion.

**I.   Background**

Under the name of Westley Wilberforce Wright, Mr. Love/Wright was convicted of drug-related crimes and served time at Rikers Island in New York as of 2010. (Doc. 19 at 9). In July 2010, Immigration and Customs Enforcement (ICE) filed a detainer; and, on December 22, 2010, Mr. Love/Wright was transferred from New York to the Otero County Prison Facility in New Mexico. (Doc. 19 at 10). On March 31, 2011, an Immigration Judge in El Paso, Texas ordered that Mr. Love/Wright be removed to Jamaica. (Doc. 19 at 10). ICE set up an interview for Mr. Love/Wright with the Jamaican Consulate on May 10, 2011. (Doc. 19 at 13). At the interview, Mr. Love/Wright informed the Consulate that he was not Westley Wilberforce Wright and a citizen of Jamaica; but rather he was Montgomery Sammy Love and a citizen of Montserrat, which

is part of the United Kingdom (UK).  (Doc. 19 at 13).

ICE issued a Form I-229(a), instructing Mr. Love/Wright to assist ICE in verifying his identity so proper travel documents could be obtained to remove him to his country of citizenship. (Doc. 19 at 16-17).  ICE filed paperwork with the UK Consulate; and, on June 23, 2011, received a response stating that the UK Consulate was unable to establish that Mr. Love/Wright was a Montserrat citizen and that Mr. Love/Wright appeared to have connections in Jamaica.  (Doc. 19 at 18).

On June 24, 2011, ICE served a notice of failure to comply on Mr. Love/Wright, as he failed to cooperate with efforts to obtain his birth certificate, as well as the birth certificates for his children, who were born in New York.  (Doc. 19 at 19).  ICE believed that the children's birth certificates would list the birthplace and/or citizenship of Mr. Love/Wright.  (Doc. 19 at 20).  Mr. Love/Wright refused to cooperate with ICE in its efforts to obtain the birth certificates.  (Doc. 19 at 25).  On September 28, 2011, ICE served Mr. Love/Wright with a second notice of failure to comply.  (Doc. 19 at 24).

On November 21, 2011, Mr. Love/Wright was arrested and charged by criminal Complaint with failure to make a timely application in good faith for travel or other documents necessary for his departure from the United States, in violation of 8 U.S.C. § 1253(a)(1)(B).  *See United States v. Sammy Montgomery Love, also known as Sammy Love Montgomery, also known as Westley Wilberforce Wright, also known as Westley Wright,*  Case No. MJ 11-2734 WPL (prior matter). Seven days later, on November 28, 2011, Mr. Love/Wright executed a waiver of preliminary hearing and continuance of grand jury presentment for seventy-five days, (MJ 11-2734, Doc. 7), and Judge Lynch entered an Order Tolling Speedy Trial Computation, pursuant to 18 U.S.C. § 3161(h)(7)(A).  (MJ 11-2734, Doc. 8).  The seventy-five-day continuance expired on March 5,

2012. On the same day, Mr. Love/Wright moved for dismissal of the charge, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. (MJ 11-2734, Doc. 9). On March 6, 2012, the United States moved to dismiss the charge without prejudice in the interest of justice, (MJ 11-2734, Doc. 10), and Judge Lynch issued an Order dismissing the Complaint without prejudice. (MJ 11-2734, Doc. 11).

Without being released from custody, Mr. Love/Wright was arrested; and, on March 8, 2012, he was again charged by criminal Complaint with failure to make a timely application in good faith for travel or other documents necessary for his departure from the United States, in violation of 8 U.S.C. §1253 (a)(1)(B). *See United States v. Sammy Montgomery Love, also known as Sammy Love Montgomery, also known as Westley Wilberforce Wright, also known as Westley Wright*, No. MJ 12-0505 SMV. The Indictment in the instant matter, charging Mr. Love/Wright with failure to make a timely application in good faith for travel or other documents necessary for his departure from the United States, in violation of 8 U.S.C. §1253 (a)(1)(B), was filed on March 13, 2012. *See United States v. Sammy Montgomery Love, also known as Sammy Love Montgomery, also known as Westley Wilberforce Wright, also known as Westley Wright*, No. CR 12-0539 RB.

**II.     Discussion**

Mr. Love/Wright asks the Court to dismiss the instant matter with prejudice for violation of the Speedy Trial Act, 18 U.S.C. §§ 3161 and 3162, and Fed. R. Crim P. 48(b)(1). The United States opposes this Motion, but it does not dispute that the matter was not timely presented to the grand jury.

The sanction for violation of the Speedy Trial Act is mandatory dismissal of the indictment. 18 U.S.C. § 3162(a)(1). However, the district court retains "broad discretion whether

to dismiss the indictment with or without prejudice." *United States v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir. 2006). The Speedy Trial Act states that, in determining whether a dismissal should be with or without prejudice, the court shall consider, among others, each of the following factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. *See* 18 U.S.C. § 3162(a)(1). "Prejudice to the defendant is among the 'other' factors the text of § 3162 directs the district court to consider." *Abdush-Shakur*, 465 F.3d at 462 (citing *United States v. Taylor*, 487 U.S. 326, 334 (1988)).

Addressing the first factor, Mr. Love/Wright acknowledges that the charged offense is a meaningful offense, but he points out that (1) it is neither a crime of violence nor a drug offense, (2) deportation is a harsh punishment, and (3) he has been in custody since July 21, 2010, when he was arrested by ICE and removal proceedings were commenced against him. These factors are not pertinent to the seriousness inquiry. Whether a crime is "serious" relates to the possible penalty the defendant faces if convicted, as well as the nature or effect of the underlying conduct for which he was charged. *United States v. Valenzuela-Puentes*, 479 F.3d 1220, 1226 (10th Cir. 2007). The penalty for violation of 8 U.S.C. § 1253(a)(1)(B) is a fine and imprisonment for not more than four years. While the offense does not involve violence or drugs, it is a felony. Regardless of the seriousness of the offense, the other relevant factors militate in favor of dismissal without prejudice.

The second factor of the §3162(a) analysis requires the Court to assess the facts and circumstances of the case which led to the dismissal. According to the United States, the failure to timely present the prior matter to the grand jury was unintentional. The United States cites to *United States v. Cano-Silva*, 402 F.3d 1031, 1035 (10th Cir. 2005), wherein the Tenth Circuit held

that the government was entitled to dismissal of the indictment without prejudice after violation of Speedy Trial Act. *Id*. However, the defendant in *Cano-Silva* was charged with conspiracy to distribute methamphetamine and cocaine, and he conceded that the crime was serious for purposes of the Speedy Trial Act . *Id*. While *Cano-Silva* is distinguishable on this point, as more fully discussed *infra*, its overall holding favors the position of the United States.

The third factor in the §3162(a) analysis is the impact of the reprosecution on the administration of the Speedy Trial Act and on the administration of justice. Given the brevity of the delay, Mr. Love/Wright's continued custody based on the ICE hold, and the expedient action of the United States to remedy its mistake, the delay caused only a negligible impact on the administration of the Speedy Trial Act and the administration of justice. Thus, this factor does not weigh in Mr. Love/Wright's favor.

Finally, although it is not a statutory factor, prejudice to the defendant may be a significant factor in determining whether to dismiss with prejudice. *Abdush-Shakur*, 465 F.3d at 462. Absent a showing of appreciable prejudice to the defendant, a district court generally should dismiss serious charges without prejudice unless the delay is extended and attributable to "intentional dilatory conduct, or a pattern of neglect on the part of the Government." *United States v. Saltzman*, 984 F.2d 1087, 1093 (10th Cir. 1993). Trial is set for July 2012. Mr. Love/Wright has been subject to an ICE hold at all relevant times. Under these circumstances, Mr. Love/Wright has shown no appreciable prejudice as a result of the delay. The Tenth Circuit has stated that "the application of the more severe sanction of dismissal with prejudice . . . should be reserved for more egregious violations." *Cano-Silva*, 402 F.3d at 1035. Simply put, this case does not present an egregious violation of the Speedy Trial Act.

Mr. Love/Wright also argues for dismissal under Federal Rule of Criminal Procedure

48(b)(1), which provides, in pertinent part, that "[t]he court may dismiss an indictment . . . if unnecessary delay occurs in . . . presenting a charge to a grand jury. . . ." Fed. R. Crim. P. 48(b)(1). A dismissal under Rule 48(b) is a matter addressed to the sound discretion of the trial court. *United States v. Begay*, 602 F.3d 1150, 1154 (10th Cir. 2010). Rule 48(b) is "a restatement of the inherent power of the court to dismiss a case for want of prosecution." *Id.* (citing the 1944 Advisory Committee Notes on Adopting Rule 48). In other words, the Advisory Committee did not intend Rule 48(b) as an all-encompassing grant to district courts of supervisory authority over the prosecution of criminal cases, but rather as a recognition of a district court's power to dismiss a case that the government has failed to prosecute in a timely manner. *Begay*, 602 F.3d at 1154. Here, the delay cannot be characterized as a failure to prosecute in a timely manner. For this reason, the case will not be dismissed under Rule 48(b)(1).

    **THEREFORE,**

    **IT IS ORDERED** that Defendant's Motion to Dismiss With Prejudice for Violation of the Speedy Trial Act, (Doc. 14), is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**